J-S20022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABIMAEL CASIANO-FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1596 MDA 2017 |

Appeal from the PCRA Order September 27, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0006385-2003

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                          **FILED JUNE 20, 2018**

Abimael Casiano-Fernandez appeals *pro se*[1] from the order entered September 27, 2017, in the Court of Common Pleas of Berks County, that dismissed, as untimely, his petition for writ of *habeas corpus*, which was deemed a second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA).[2]  Casiano-Fernandez contends he is entitled to PCRA relief "based on newly discovered mitigating evidence regarding Brain Science and Social Science Study."  Casiano-Fernandez's Brief at 3.  In support, Casiano-Fernandez cites the United States Supreme Court decisions in ***Miller v. Alabama***, 567 U.S. 460, 132 S. Ct. 2455 (2012), issued June 25, 2012, and

---

[1] The PCRA court conducted a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), and determined Casiano-Fernandez was not entitled to appointed counsel.  ***See*** PCRA Court Opinion, 12/12/2017, at 1.

[2] 42 Pa.C.S. §§ 9541-9546.

*Montgomery v. Louisiana*, \_\_\_ U.S. \_\_\_, 136 S. Ct. 718 (2016), issued January 25, 2016. Based upon the following, we affirm.

On July 22, 2005, Casiano-Fernandez was convicted by a jury of murder in the first degree. *See* 18 Pa.C.S. § 2502(a). He was **21** years old when he committed the crime.[3] On September 19, 2005, the trial court sentenced him to life imprisonment without the possibility of parole. On October 24, 2006, this Court affirmed the judgment of sentence and, on May 10, 2007, the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Casiano-Fernandez*, 913 A.2d 939 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 923 A.2d 1172 (Pa. 2007). Thereafter, on November 30, 2007, Casiano-Fernandez filed a timely PCRA petition that was unsuccessful. *See Commonwealth v. Casiano-Fernandez*, 55 A.3d 126 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 83 A.3d 413 (Pa. 2014).

On March 28, 2016, Casiano-Fernandez filed the instant *pro se* petition for writ of *habeas corpus,* citing *Miller, supra*, in which the United States Supreme Court held that "mandatory life without parole for those **under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." *Miller,* 567 U.S. at 465 (emphasis added). On August 4, 2016, Casiano-Fernandez filed a

---

[3] The record reflects Casiano-Fernandez was born in August of 1978 and the murder occurred in May of 2000.

supplemental petition, citing **Montgomery, supra,** wherein the United States Supreme Court decided that the **Miller** holding was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review. **Montgomery,** 136 S.Ct. at 736.

The PCRA court treated the *habeas corpus* petition as a PCRA petition and, on June 16, 2017, held a hearing on the merits. Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, to which Casiano-Fernandez filed a response. A final order of dismissal was entered on September 27, 2017. This appeal followed.[4]

In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). Preliminarily, we address the timeliness of the instant petition.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition. 42 Pa.C.S. § 9545(b)(1). Specifically, the PCRA provides:

(b) Time for filing petition.—

---

[4] Casiano-Fernandez timely complied with the order of the PCRA court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b).

Here, Casiano-Fernandez's judgment of sentence became final on August 8, 2007, following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on May 10, 2007, and the expiration of the 90-day period for filing a petition for writ of *certiorari*. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, under the PCRA one-year time limitation, any PCRA petition was required to be filed by August 8, 2008. *See*

42 Pa.C.S. § 9545(b)(1). Casiano-Fernandez filed his petition on March 28, 2016, and filed a supplemental petition on August 4, 2016. As such, the petition is facially untimely.

Casiano-Fernandez contends, however, that based upon the recent United States Supreme Court decisions in *Miller* and *Montgomery*, he is entitled to review pursuant to the PCRA's exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Casiano-Fernandez attempts to extend the holdings of *Miller* and *Montgomery* based upon the brain studies and data discussed in *Miller*. He maintains he suffered from "a lessened culpability at 22 [sic] years of age due to his mental infirmities and was no different than a 17 year old offender." Casiano-Fernandez's Brief at 8.

Initially, we note that *Montgomery* was decided on January 25, 2016, and Casiano-Fernandez's present petition was filed 63 days later, on March 28, 2016. Applying the "prisoner mailbox rule," we find Casiano-Fernandez has complied with the threshold 60-day filing requirement of Section 9545(b)(2), *supra*, because the mailing envelope bears a postmark of March 23, 2016. *See Commonwealth v. Little*, 716 A.2d 1287, 1288 (Pa. Super. 1998) ("The prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison

mailbox is considered the date of filing the petition."). Nonetheless, no relief is due.

Casiano-Fernandez's "brain science and social science study" argument was rejected in **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016), albeit with respect to the retroactively applied constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii).

In **Furgess,** the nineteen-year-old defendant convicted of homicide claimed he was a "technical juvenile" and relied on neuroscientific theories pertaining to immature brain development to support his claim. The **Furgess** Court rejected this argument. Specifically, the **Furgess** Court relied on the holding in **Commonwealth v. Cintora,** 69 A.3d 759, 763 (Pa. Super. 2013), "that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Furgess, supra**, 149 A.3d at 94. Moreover, the **Furgess** Court found "nothing in **Montgomery** undermines" this holding in **Cintora. Id**. at 94. In the recent decision of **Commonwealth v. Montgomery**, ___ A.3d ___ [2018 Pa. Super. LEXIS 221 at *15] (Pa. Super. 2018) (*en banc*), this Court declined to overrule **Furgess**.

While **Furgess** concerned a claim brought under Section 9545(b)(1)(iii), we believe the same rationale is equally applicable to a claim brought under Section 9545(b)(1)(ii). **See id.** Simply put, the holdings in **Montgomery** and

*Miller* have no relevance to individuals who were over the age eighteen at the time they committed murder. Therefore, Casiano-Fernandez cannot rely on these decisions to satisfy Section 9545(b)(1)(ii).

Moreover, we note Casiano-Fernandez's discussion regarding the applicability of the Pennsylvania Mental Health and Mental Retardation Act of 1966 ("MHMRA"), 50 P.S. § 4101, *et seq.*, is more akin to a defense assertion (diminished capacity, guilty but mentally ill, and insanity). We reiterate the *Miller* and *Montgomery* decisions held that imposition of a mandatory sentence of life without parole upon a defendant who was under the age of eighteen when he/she committed murder violates the Eighth Amendment's prohibition on cruel and unusual punishments. *See Miller*, 567 U.S. at 479 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole *for juvenile offenders*.") (emphasis added). *Miller* and *Montgomery* did not analyze whether their holdings extend to the MHMRA, and we decline to do so.

Finally, Casiano-Fernandez's argument that the PCRA court erred in treating his petition as a PCRA petition, and not a petition for writ of *habeas corpus*, warrants no relief. In his petition filed March 28, 2016, Casiano-Fernandez challenged the legality of his life sentence based upon *Miller, supra*. This Court has held that such a claim is properly construed as a PCRA petition subject to timeliness requirements. *See Commonwealth v. Montgomery*, *supra*, 2018 Pa. Super. LEXIS 221 at *16 (finding petition for

writ of *habeas corpus* that relied upon **Miller** to assert it is illegal to sentence an individual to life imprisonment if he/she does not have a fully developed brain was cognizable under the PCRA and properly construed as a PCRA petition).

In sum, we conclude the present petition was properly treated as Casiano-Fernandez's second PCRA petition, and further conclude the petition is untimely and does not satisfy any PCRA timeliness exception. Accordingly, we affirm the PCRA court's order of dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/20/2018